This is an appeal from a summary judgment for the defendant entered in an action by Shirley and Joe Caldwell, a divorced couple, against Gwin-McCollum Funeral Home, Inc. for breach of contract. We reverse and remand.
In September, 1973, the Caldwells sought the services of Gwin-McCollum Funeral Home, Inc. for the burial of their 8 year old son. Joe Caldwell signed a statement and an invoice for the purchase of a casket and a vault and for various itemized services for a total of $860.00.
Following the graveside service, but while the Caldwells and others were present, employees of the funeral home attempted to lower the casket into the vault. The vault was too small and the Caldwells had to return the next day for another service and burial. Shirley Caldwell was allegedly adversely affected by the delay and testified in her deposition that as a result she experienced insomnia, nervousness, headaches and general depression and was unable to work for a period.
The lower court granted the funeral home's motion for summary judgment and the Caldwells appeal.
The dispositive issue is whether the Caldwells are barred from bringing this action. We hold that they are not and that the summary judgment is due to be reversed and remanded.
The Caldwells clearly allege in their complaint a breach of contract action.
 "The plaintiff need state only a claim for relief containing a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief to which he deems himself entitled. Applying this to a breach of contract action, the plaintiff need only allege the existence of a valid and binding contract. . . ." Berry v. Druid City Hosp. Bd., 333 So.2d 796
(Ala. 1976) (citations omitted).
Section 2-315 of the Alabama Commercial Code provides that,
 "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose."
Here the funeral home knew that the Caldwells were purchasing a vault for the casket of their son and that they were relying on the seller's judgment to furnish suitable goods. As a professional in this business, the seller could be expected to be aware of any size requirements for the vault to hold *Page 1343 
the casket which the seller also sold. This implied warranty of fitness was neither excluded nor modified in any way by the funeral home. Moreover, under § 2-715 of Title 7A, the Caldwells may be entitled to incidental and consequential damages resulting from the funeral home's breach.
We hold that the funeral home has not shown as a matter of law that the Caldwells cannot prove their case. The party moving for summary judgment must clearly establish that the other party cannot recover under any discernible circumstances.Folmar v. Montgomery Fair Company, Inc., 293 Ala. 686,309 So.2d 818 (1975).
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.