The majority concludes that the agreement between Druid City Hospital Board (Druid City) and Skelton for the performance of a ventral hernia repair operation was a transaction involving "both a service transaction and a transaction in goods" and thereby giving rise to an implied warranty of fitness for a particular purpose under Code 1975, § 7-2-315.
The majority is correct in its holding that this court has previously addressed the issue of whether implied warranties arise from mixed or hybrid agreements. In Caldwell v. BrownService Funeral Home, 345 So.2d 1341 (Ala. 1977), the plaintiffs sought the services of a funeral home following the death of their son. They entered into an agreement with the funeral home for the rendering of graveside services and for the purchase of a casket and a vault. Following the graveside services, it was discovered that the vault was too small, and, as a result, the graveside services had to be conducted a second time the next day. The plaintiffs sued the funeral home on a theory of breach of implied warranty of fitness. The funeral home argued that it had merely provided the plaintiffs a service and therefore that no implied warranty had arisen. The trial court granted summary judgment in favor of the funeral home on the implied warranty claim. Reversing the summary judgment, we held that the funeral home knew the plaintiffs were relying on the funeral home's judgment to secure suitable goods, i.e., a casket and vault, and that the funeral home could be expected to be aware of any difference in size between the vaults and the caskets which it sold. There was thus an implied warranty of fitness for the breach of which the plaintiffs might have been entitled to recover incidental and consequential damages.
The determinative issue in this case, however, is not whether mixed or hybrid agreements give rise to the Uniform Commercial Code (U.C.C.) implied warranties, but rather how agreements involving both a transaction in goods and a rendering of services are to be classified so that it may then be determined whether the U.C.C. implied warranties apply.
In Bonebrake v. Cox, 499 F.2d 951 (8th Cir. 1974), the Eighth Circuit Court of Appeals, in an appeal from an adjudication on the merits following a bench trial, reached the conclusion that a contract to supply and install bowling equipment was predominantly a transaction in goods, even though the amount of services involved was substantial. Therefore, the U.C.C. was held to be applicable to the transaction. The court, in making its determination, stated:
 "The test for inclusion or exclusion [of agreements in, or from, the provisions of the U.C.C.] is not whether they are mixed, but, granting that they are mixed, whether their predominant factor, their thrust, their purpose, reasonably stated, is the rendition of service, with goods incidentally involved (e.g., contract with artist for painting) or is a transaction of sale, with labor incidentally involved (e.g., installation of a water heater in a bathroom)."
499 F.2d at 960.
In Coakley Williams, Inc. v. Shatterproof Glass Corp.,706 F.2d 456 (4th Cir. 1983), the Fourth Circuit Court of Appeals reversed a district court's grant of a Rule 12 (b)(6), F.R.Civ.P., motion dismissing the plaintiff builder's cause of action alleging breach of implied warranties of merchantability and fitness for a particular purpose. The Court of Appeals noted that the fact-finder could have reasonably concluded that a contract between the builder and the *Page 825 
company which installed windows predominantly concerned a sale of goods rather than services and, consequently, was governed by Maryland's enactment of the Uniform Commercial Code.
In Pitler v. Michael Reese Hospital, 92 Ill. App.3d 739, 47 Ill.Dec. 942, 415 N.E.2d 1255 (1980), the plaintiff brought an action against the hospital, on a theory of breach of implied warranty, for personal injuries arising from radiation treatments. The Illinois Appellate Court rejected the plaintiff's argument that the U.C.C. governed the hospital's administration of medical care and held that Article 2 of the Code was inapplicable because the transaction predominantly involved the rendering of services, even though equipment was furnished in connection with those services.
The U.C.C. was also held not to apply to a mixed contract primarily for the rendering of services in Ranger ConstructionCo. v. Dixie Floor Co., 433 F. Supp. 442 (D.S.C. 1977). There, the defendant agreed to provide all the labor and materials necessary to the installation of resilient flooring. The court, in holding the Code inapplicable, noted that the defendant was primarily a service oriented business and that the contract was basically one for the performance of services. Any sale of goods necessary to the performance of those services was merely incidental.
Whether a warranty of fitness for a particular purpose arises under Code 1975, § 7-2-315, is basically a question of fact to be determined by the circumstances. Smith v. Crosrol, Inc.,498 F. Supp. 697 (M.D.Ala. 1980) (citing official comment to Code 1975, § 7-2-315). In the case at bar, the question as to whether or not the circumstances present give rise to an implied warranty of fitness can only be resolved by first determining whether the agreement between Druid City and Skelton was predominantly an agreement for services, in which case the U.C.C. would not be applicable, or for a transaction in goods, in which case the U.C.C. would be applicable.
For the foregoing reasons, I concur in the reversal of the summary judgment.
MADDOX and SHORES, JJ., concur.